UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,         Case No. 2:10-cv-154
                 JUDGE GREGORY L. FROST
   v.             Magistrate Judge Mark R. Abel

GREENTREE APARTMENTS
LIMITED PARTNERSHIP, et al.,

   Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for summary judgment. (Doc. # 22.)  For the reasons that follow, this Court finds the motion well taken.

### I.  Background

Plaintiff, the United States of America, has brought this action on behalf of the United States Department of Agriculture, Rural Development (formerly the Farmers Home Administration).  The uncontested facts indicate that Daniel E. Fisher and Kenneth E. Fisher are general partners for Defendant Greentree Apartments Limited ("Greentree") and that Greentree executed three promissory notes, loan agreements, and related mortgages in order to secure loans from the Farmers Home Administration, which is now known as the Rural Housing Service.  The three mortgages were for $360,000.00 at an interest rate of 9%, reamortized for $272,044.92 at 6 ½ % interest, and $420,800.00 at 7 ½ % interest.  The documents also indicate that Greentree agreed to various conditions, including a provision in which in the event of default of any condition, the United States could declare the entire amount of a mortgage immediately due and

1

payable, in addition to other remedies.

      Plaintiff filed the instant action on February 19, 2010. The complaint asserts that Greentree has violated numerous conditions of the foregoing agreements, that Greentree is in default, and that Plaintiff has incurred expenses that have become part of the mortgage indebtedness. (Doc. # 1.) The complaint also asserts that various other named defendants may have a lien or interest in the real property involved.[1] Via a subsequent motion for summary judgment, Plaintiff seeks to recover the principal amount of $701,281.13, interest in the amount of $21,199.14, and late fees in the amount of $4,058.56, in addition to interest in the amount of $43.94 per day from June 30, 2010. (Doc. # 22, at 12.) Plaintiff also seeks a judgment that it is entitled to foreclose on the relevant real property involved in this litigation. Greentree failed to file a response to the motion, which is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[1] Plaintiff obtained the Clerk's entry of default against Defendant The Home Depot Supply, Inc., on July 29, 2010, but has since failed to file a motion for default judgment. (Doc. # 21.) Defendant Independent Termite & Pest Control, Inc. filed an answer on March 19, 2010. (Doc. # 5.) Service on the remaining defendant, the Treasurer of Licking County, Ohio, was perfected on March 17, 2010. (Doc. # 8.) Plaintiff requested an entry of default against this defendant on July 28, 2010. (Doc. # 18.) Later that same day, the Treasurer of Licking County, Ohio filed an answer. (Doc. # 19.) The Clerk did not file an entry of default, and Plaintiff states in its summary judgment filing that in the event of a sale of the real property involved, the Treasurer would be given first priority for unpaid real estate taxes and assessments. (Doc. # 22, at 9.) The interest of Independent Termite & Pest Control, Inc. remains an issue for subsequent disposition.

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

It is well settled that the government has a right to foreclosure in the event of a breach such as default. *United States v. Anderson*, 542 F.2d 516, 517 (9th Cir. 1976); *United States v. Sylacauga Properties, Inc.*, 323 F.2d 487, 491 (5th Cir. 1963). The declaration of Rural Development Housing Program Director Gerald B. Arnott and the various documents submitted in this litigation indicate that Greentree assumed an obligation and is in default, that the notes and mortgages contain the provisions Plaintiff asserts, that Plaintiff's representations as to the

3

amounts it seeks are supported, and that foreclosure is therefore permissible.  Greentree has produced no contrary evidence, and there is no apparent issue of material fact.  Accordingly, Plaintiff is entitled to judgment as a matter of law.  *See United States v. Boozer*, No. 8:08-1768-HMH-BHH, 2009 WL 1789905, at * 3 (D.S.C. June 22, 2009); *United States v. Caldwell*, No. 8:08-1763 HFF, 2009 WL 960218, at *2-3 (D.S.C. Apr. 7, 2009); *United States v. Singletary*, No. 8:08-2567-HFF, 2009 WL 250012, at *2 (D.S.C. Feb. 2, 2009), *United States v. Olayer*, No. 02:07cv1256, 2008 WL 4616847, at *4 (W.D. Pa. Oct. 16, 2008); *United States v. Groff*, No. 05-5026, 2006 WL 1984709, at *3-4 (E.D. Pa. July 13, 2006); *United States v. Peryea*, No. 1:03CV69, 2006 WL 1660760, at *3 (D.Vt. June 7, 2006); *United States v. Barton*, No. 04Civ.1220(DRH)(ETB), 2006 WL 842922, at *2 (Mar. 28, 2006); *United States v. Barber*, No. 8:05CV160, 2006 WL 680897, at *2 (D.Neb. Mar. 16, 2006); *United States v. Lemieux*, No. 02-C-0226-C, 2003 WL 23200359, at *3 (W.D. Wis. Feb. 20, 2003); *United States v. Tieken*, No. 8:00CV632, 2002 WL 818233, at *3-4 (D. Neb. Jan. 7, 2002).

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment. (Doc. # 22.)  Plaintiff is entitled to recover from Greentree the accumulated amount of $726,538.83 plus interest of $43.94 per day from June 30, 2010, and to take the necessary steps to foreclose on the property involved.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

4